CLENDENIN *v.* FRAZIER.

In the act of 1843, providing for the issue of certificates, by the commissioner of the *New Albany* and *Vincennes* road, for subscriptions in money or labor, that clause which pledges all money not otherwise appropriated accruing from the road, for the redemption of such certificates, does not amount to a pledge, but is only a promise, on the part of the state, that the certificates shall be paid out of the tolls that shall afterwards accrue; and the commissioner of said road cannot be sued on such promise.

ERROR to the *Orange* Circuit Court.

*Friday,
December* 7.

BLACKFORD, J.—Bill in chancery, filed by the plaintiff in error. The object of the bill is to obtain payment of certain certificates for the payment of money. The certificates were issued by the commissioner appointed under the act of 1843, relative to the *New Albany* and *Vincennes* road. The defendant is the superintendent of that road, appointed under the act of 1844 relative to the road. The bill was demurred to, and the demurrer sustained.

We think there is no ground for this bill. The act of 1843, under which said certificates were issued, says, that all certificates so issued shall be paid in tolls from the road, (the said *New Albany* and *Vincennes* road); and all money not otherwise appropriated in this act, accruing from said road, is hereby pledged for the redemption of the same.

The complainant contends that, by this clause, he is a pledgee of the net amount of the said tolls, and may have them applied to the payment of his claim. We think, however, that said clause could not operate as a pledge, because—1st. The tolls had not then accrued; and, 2d. The debts to be paid out of them did not then exist. The provision amounted only to a promise, on the part of the state, that the certificates which might subsequently issue under the law should be paid out of the net amount of the tolls on the said road that should afterwards accrue. Now, supposing that promise to have been broken by the state, the holders of the certificates have no remedy for

Nov. Term, 1849.

the breach at law or in chancery. The state cannot be sued in any case by an individual, unless by virtue of a special statute; and the superintendent of said road, who is the defendant, cannot be liable on a promise made, not by himself, but by the state, of which he is the agent.

*Per Curiam.*—The decree is affirmed with costs.

*G. G. Dunn*, for the plaintiff.

*J. Collins*, for the defendant.